The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 2 December 1989, the date of plaintiff's injury by accident giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On said occasion, the employee-employer relationship existed between plaintiff and defendant-employer, with employer being insured by Maryland Casualty Company.
3. Plaintiff's average weekly wage was $508.79 according to the Form 21 prepared by the defendant-employer and is subject to verification by the Industrial Commission.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on 2 December 1989, when he slipped and fell on ice, thereby rupturing his back.
5. On 23 July 1990, a Form 26 was filed by defendant-employer agreeing to pay plaintiff temporary partial disability at $339.20 per week beginning 14 July 1990 and continuing for necessary weeks.
6. On 15 May 1991, a Form 26 was filed by defendant-employer agreeing to pay plaintiff permanent partial disability at $339.20 per week for 30 weeks.
7. On 14 November 1991, plaintiff filed a Form 33 request for hearing on the grounds of a change of condition.
8. On 2 December 1991, defendant-employer filed a Form 33R in response to plaintiff's request for hearing.
9. On 12 January 1993, this matter was heard before former Deputy Commissioner Roger Dillard in Asheville. Subsequent to the hearing, it was ruled that plaintiff's claim for compensation benefits based upon a substantial change in his condition must, under the law, be denied. Former Deputy Commissioner Dillard also ruled that defendants were responsible for and were to continue to pay all medical expenses to be incurred by plaintiff for medical services that will tend to effect a cure, give relief or lessen plaintiff's period of disability.
10. On 25 May 1993, plaintiff's counsel appealed the Opinion and Award of former Deputy Commissioner Dillard. The Full Commission affirmed the decision of former Deputy Commissioner Dillard in an Opinion and Award filed on 2 March 1994.
11. On 10 March 1994, the decision of the Full Commission was appealed by plaintiff's counsel to the North Carolina Court of Appeals.
12. On 23 August 1994, plaintiff filed a Form 33 request for hearing on the grounds that defendants were refusing to authorize payment for medical expenses related to this claim.
13. On 28 September 1994, defendants filed a Form 33R in response to plaintiff's request for hearing.
14. On 16 May 1995, the North Carolina Court of Appeals affirmed the Opinion and Award of the Industrial Commission.
15. As more particularly set forth in the Pre-Trial Agreement, the parties agreed that the issues before the Industrial Commission concerned whether plaintiff is entitled to payment for expenses for certain medical treatment rendered by Dr. Robert Jolley, Dr. Mark Moody and Dr. Everett Smith and treatment to be rendered at Blue Ridge Rehabilitation.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff's injury by accident of 2 December 1989 caused injury to his lower back, more specifically a herniated lumbar disc at L4-5. As a result, in February, 1990 Dr. Van Blaricom performed a decompressive lumbar laminectomy.
2. Dr. Van Blaricom was of the opinion that plaintiff reached maximum medical improvement as of 22 October 1990 with a ten percent permanent impairment of his back as related to his compensable injury by accident and a twenty percent pre-existing permanent impairment related to a prior herniation, for a total of a thirty percent permanent impairment of the back. This rating was the basis of the Form 26 Agreement of 15 May 1991 which paid plaintiff 30 weeks of compensation.
3. Following his back surgery, plaintiff continued to experience pain in his lower back which radiated into his left lower extremity. Following his rating and release by Dr. Van Blaricom in February, 1992, plaintiff began complaining to his general physician, Dr. Everett Smith, about his lower back pain.
4. Since plaintiff's visit in February, 1992, Dr. Smith continued to treat him conservatively with medication for pain. Dr. Smith has prescribed Soma, a muscle relaxant, Xanax, to help him rest, and Cataflam, an anti-inflammatory and pain reliever.
5. In addition to his lower back pain, plaintiff has complained of cervical pain and has suffered from depression. Dr. Smith is of the opinion that plaintiff's ongoing lumbar pain is causally related to his injury by accident of 2 December 1989 and resulting surgery. He is not sure that the cervical pain is related to plaintiff's injury by accident. Dr. Smith does believe plaintiff's depression is causally related to his lower back pain. He has prescribed Zoloft to treat plaintiff's depression.
6. Plaintiff has also been evaluated by Dr. Mark Moody, an orthopaedic surgeon, who saw plaintiff on 1 August 1994 and again on 13 September 1994. Dr. Moody is of the opinion that plaintiff's ongoing complaints of back and leg pain are directly related to his injury by accident of 2 December 1989. He believes plaintiff's cervical complaints are probably not related to the injury by accident. Dr. Moody noted that studies have linked depression to chronic back pain.
7. Dr. Moody does not think plaintiff is a candidate for further surgery. He does believe plaintiff could benefit from a pain management program such as the program offered through Blue Ridge Rehabilitation. While it is doubtful this program would change plaintiff's condition as it pertains to any return to work, Dr. Moody is very confident such a program is the best chance to help improve plaintiff's conditioning and decrease plaintiff's symptoms.
8. As a result of his injury by accident, following his surgery in 1990, plaintiff has continued to experience significant pain in his lower back and left leg. The treatment rendered by Dr. Smith, including the medications prescribed, such as Soma and Xanax, have been reasonably necessary to give plaintiff pain relief.
9. The assessment of Dr. Moody was reasonably necessary to determine the basis of plaintiff's ongoing pain and to formulate a treatment plan. The additional treatment recommended by Dr. Moody, more specifically a pain management program, such as the program at Blue Ridge Rehabilitation, offers an opportunity to improve plaintiff's condition and give him symptom relief, and is reasonably necessary as a treatment option.
10. Plaintiff has been seen on several occasions by Dr. Robert Jolley, a psychiatrist, who has diagnosed plaintiff with major depression. Plaintiff has at times expressed suicidal thoughts. Dr. Jolley believes that plaintiff's frustrations over the legal process, financial problems and his inability to work are all factors related to his compensable injury by accident and significant stressors contributing to his depression. Dr. Jolley is of the opinion that plaintiff needs ongoing psychiatric care.
11. As a result of his chronic lower back pain, plaintiff has become depressed. The treatment rendered by both Dr. Smith and Dr. Jolley, including the medications prescribed to manage plaintiff's depression were reasonably necessary. Plaintiff will need ongoing psychiatric care and management.
12. Plaintiff's cervical pain has not been established to be causally related to his injury by accident of 2 December 1989.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of his injury by accident of 2 December 1989, plaintiff has developed chronic lower back pain and left leg pain. The treatment rendered by Dr. Smith, including the medications he prescribed to help relieve or manage plaintiff's ongoing pain, was reasonably necessary to give plaintiff relief, and defendants are responsible for payment of such medical expenses. N.C. Gen. Stat. §§ 97-2(19), 97-25.
2. The medical treatment rendered by Dr. Moody was reasonably necessary to assess plaintiff's ongoing pain and to give relief from his symptoms. The treatment at Blue Ridge Rehabilitation recommended by Dr. Moody is the best treatment alternative which may give plaintiff additional symptom relief and help in his pain management and is reasonably necessary. Defendants are responsible for payment of such medical expenses. N.C. Gen. Stat. §§ 97-2(19), 97-25.
3. The treatment rendered by Dr. Jolley was reasonably necessary to treat plaintiff's depression that has resulted from his injury by accident. Defendants are responsible for payment for treatment rendered or to be rendered in the future by Dr. Jolley so long as is medically necessary. N.C. Gen. Stat. §§97-2(19), 97-25.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay for the medical treatment that has been rendered to date by Dr. Smith and Dr. Moody to treat plaintiff's ongoing lower back and leg pain.
2. Defendants shall pay for plaintiff to attend the pain management program offered at Blue Ridge Rehabilitation.
3. Defendants shall pay for the treatment rendered to date by Dr. Jolley for plaintiff's depression.
4. Defendants shall continue to be responsible for payment for ongoing medical treatment to manage and give plaintiff relief from his chronic lower back and leg pain and to treat and manage his depression.
5. Defendants shall pay the costs, including expert witness fees of $275 to Dr. Mark Moody, $200 to Dr. Everett Smith, and $225 to Dr. Robert Jolley.
This the _____ day of July 1997.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ MARY MOORE HOAG DEPUTY COMMISSIONER
DCS:jmf